ROTHBART v. ROTHMAN.

(Supreme Court, Appellate Division, Second Department.  February 24, 1911.)

LANDLORD AND TENANT (§ 109*)—VACATION OF PREMISES—"VACATE."

   · Plaintiff occupied defendant's storeroom under a lease expiring September 1, 1910, and agreed not to claim an extension of the lease, but to vacate on that date; but on August 23d plaintiff executed a bill of sale of his business to his wife, and agreed with another to deliver possession of the store on or before September 26th, and assigned the good will of the business, and on September 1st the store was in the actual possession of plaintiff's wife, he being employed as her clerk.  Held, that. the store was not vacated by plaintiff on September 1st pursuant to his agreement; it being necessary that premises be unoccupied, without a claimant, tenant, or occupier, in order to be "vacated."

   [Ed. Note.—For other cases,· see Landlord and Tenant, Dec. Dig. § 109.*

   For other definitions, see Words and Phrases, vol. 8, pp. 7254–7259, 7826.]

Appeal from Municipal Court of New York.

Action by Samuel Rothbart against Isaac Rothman.  From a judgment dismissing the complaint, plaintiff appeals.  Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and RICH, JJ.

Solomon S. Schwartz, for appellant.

Herman S. Bachrach, for respondent.

HIRSCHBERG, J.  The plaintiff, on the 6th day of August, 1910, was a tenant in possession of a certain store in the borough of Brooklyn by virtue of a written lease with the defendant, the owner, which by its terms expired on September 1, 1910.  The defendant had entered into a contract to sell and convey the premises and to deliver possession on September 1st, and, anticipating a claim on the part of the plaintiff to an extension of the lease by oral agreement, executed with the plaintiff on the 6th day of August, 1910, an agreement by virtue of which the defendant agreed to pay to the plaintiff the sum of $200, provided the plaintiff would vacate and surrender the premises on September 1st and relinquish any and all right or claim to continue in possession of the same after that date.  The action is brought to recover the $200.

The plaintiff did not vacate or surrender the premises within the meaning of the agreement.  On the contrary, on August 23, 1910, he executed a bill of sale of the business for which the store was used to his wife, and on the same day executed with a corporation, named S. Prussin & Co., a written agreement by which he bound himself "to deliver possession of said store to the said S. Prussin & Co. on or before the 26th day of September, 1910."  He also sold and assigned to the corporation on that day the good will of the business.  On September 1, 1910, the actual possession of the store was maintained by the plaintiff's wife, he remaining in her employ as a clerk under an agreement with her; and it was correctly held in the Municipal Court

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the property had not been vacated and surrendered within the meaning of the agreement sued upon. This court held, in Bedell v. Edgett, 120 App. Div. 451, 104 N. Y. Supp. 1013, as per headnote, that:

. "Premises, to be vacated, must be unfilled and unoccupied, without a claimant, tenant, or occupier."

The judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.